UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 4:21-CR-00177-CDP |
| v. | ) |
| | ) |
| RODRICK MITCHELL, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE
REGARDING DEFENDANT'S EXPERT WITNESS**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Ashley M. Walker and Catherine M. Hoag, Assistant United States Attorneys for said District, and files this Motion in Limine Regarding Defendant's Expert Witness, seeking to limit the scope of Defendant's proposed expert witness, Erik Hall.

**INTRODUCTION**

On August 23, 2022, just prior to the scheduled pretrial conference in this matter, Defendant's counsel provided a Rule 16 Disclosure of Expert Witness, indicating that Defendant intends to call Erik Hall as an expert witness in forensic genetic analysis. During the pretrial conference, defense counsel represented to the Court and the Government that Mr. Hall would testify as an educational expert witness, seeking to instruct the jury on forensic genetic analysis issues outside the typical understanding of jurors. However, in Defendant's Rule 16 Disclosure, he indicates that Mr. Hall's testimony will cover the facts of this case, that he will opine that the Saint Charles County Crime Laboratory's analysis "does not confirm any particular time or way that Mr. Mitchell's DNA was deposited on the firearm" or "that he necessarily had touched the firearm." These opinions extend far beyond simply educating the jury on possible limitations of

forensic genetic analysis, are unsupported by a reliable methodology or application to the facts of this case, and should be excluded.

## ARGUMENT

A witness may be qualified to testify as an expert in the form of an opinion based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. A qualified expert may provide opinion testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Id.

The Government does not dispute that Mr. Hall is qualified to testify as an expert witness in forensic genetic analysis. Mr. Hall's CV sufficiently demonstrates his scientific, technical, and/or other specialized knowledge regarding forensic genetic analysis, which would help the jury understand the evidence at trial. Furthermore, the literature provided as a part of Defendant's Rule 16 Disclosure establishes that Mr. Hall's testimony would be based upon sufficient data. However, Mr. Hall's proposed opinions contained in the Rule 16 Disclosure do not satisfy the final two prongs of the Rule 702 analysis.

As indicated by the Notes to Rule 702, in some cases, it is permissible "for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case" such as "instruct[ing] the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports." Advisory Committee's Note on Fed.R.Evid. 702. However, this general testimony must "address a subject matter on which the factfinder can be assisted by an expert." Id. If Mr. Hall's testimony is confined to simply educating the jury about the process and potential limitations of general

forensic genetic analysis, then his testimony would be proper under Rule 702. However, should Defendant seek to expand the scope of Mr. Hall's testimony to allow him to offer opinions about the facts of this case, then they must be excluded as they are unsupported by a demonstratively reliable methodology and have not been sufficiently applied to the facts of this case.

The admission or exclusion of expert testimony falls within the district court's discretion. United States v. Merrell, 842 F.3d 577, 582 (8th Cir. 2016). Under Daubert, a district court must ensure that expert opinion testimony admitted under Rule 702 "is not only relevant, but reliable." 509 U.S. at 589. District courts act as "the gatekeepers to exclude unreliable scientific testimony." United States v. Holmes, 751 F.3d 846, 850 (8th Cir. 2014) (citing Daubert, 509 U.S. at 597).

When an expert witness is relying primarily on his or her experience, it remains the burden of the proponent of the testimony "to explain how that experience [leads] to the conclusion he reached, why that experience was a sufficient basis for the opinion and just how that experience was reliably applied to the facts of the case." United States. v. Frazier, 387 F.3d 1244, 1265 (11th Cir. 2004). There are several factors that a district court may consider in assessing reliability, including: "(1) whether the theory or technique can and has been tested, (2) whether it has been subjected to peer review, (3) whether there is a high known or potential rate of error, and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community." Holmes, 751 F.3d 846, 850 (citing Daubert, 509 U.S. at 592–94).

In a case involving proposed expert testimony on forensic examinations, the 11th Circuit upheld the district court's exclusion of certain defense expert witness opinions that were not sufficiently reliable. Frazier, 387 F.3d at 1266. In Frazier, the defendant sought to call a forensic expert witness to testify that in a rape case, it was "expected" to recover inculpatory hair or seminal fluid when collecting evidence. Id. at 1264-65. In support of this "expectation" opinion, the expert offered his experience, along with various forensic texts, but "offered precious little in the way of a reliable foundation or basis for his opinion" and was also incapable of quantifying what

"expected" meant in the context of the investigation, prompting the 11th Circuit to observe that "specific meaning of the opinion is impossible to discern". Id. at 1265. The 11th Circuit indicated that it was impossible to figure out if by "expected" the expert meant that "it was *more likely than not* that trace evidence would be found, or that it was *substantially more likely than not* that it would be found if there was a sexual assault, or that discovery was a *virtual certainty.*" Id. This lack of clarity ultimately led the 11th Circuit to conclude that the expert's opinion "expresse[d] an intrinsically probabilistic or quantitative idea," and that "the probability it expresses is unclear, imprecise and ill-defined." Id. The 11th Circuit upheld the denial of the defense expert. Id. at 1266.

Here, like the expert in Frazier, Defendant has failed to establish or identify any reliable methodology underlying his opinion that Defendant may not have touched the firearm in this case. Mr. Hall has conducted no testing in this case, nor has he spoken with any witnesses or other individuals involved in the collection of evidence. His involvement in the case has been limited to reviewing police reports and lab documents. Although Mr. Hall may be qualified to opine about the testing and analysis methods utilized in forensic genetics analysis, he has failed to establish how his experience in this area can be applied specifically to this case or to reach the conclusion that Defendant did not necessarily touch the firearm in this case. Without establishing such reliability, Mr. Hall's opinions amount to nothing more that speculation and should be excluded.

Similarly, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. There is a significant risk that allowing Mr. Hall to testify to his opinions on Defendant's case would mislead and confuse the jury, as Mr. Hall has not indicated how or why

he believes it would be possible for Defendant's DNA to be on the firearm without having touched it. *See Frazier*, 387 F.3d at 1266. [1]

## CONCLUSION

WHEREFORE, for all of the above-stated reasons, the United States respectfully requests that this Court grant its motion and limit Mr. Hall's testimony to educating the jury generally on the principles and limitations of forensic genetic testing.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 */s/ Ashley M. Walker*
Ashley M. Walker [Bar #MO 67175]
Catherine M. Hoag, 67500MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record for Defendant

 */s/ Ashley M. Walker*
Ashley M. Walker [Bar #MO 67175]
Catherine M. Hoag, 67500MO
Assistant United States Attorney

---

[1] In addition, Defendant will have the opportunity to cross-examine the Government's expert witness who actually performed the testing in this case on all of the issues covered by Mr. Hall's testimony, thereby rendering Mr. Hall's testimony needlessly cumulative.